UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUMMIT BRIDGE GLOBAL
INVESTMENTS, LLC.,

    Plaintiff/Counter-Defendant,

v.

MCMAHON HELICOPTER SERVICES,
INC., et al.,

    Defendants/Counter-Plaintiffs.
_____/

CIVIL ACTION NO. 04-70819

DISTRICT JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER GRANTING DEFENDANTS/COUNTER-PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM THIRD PARTY BANK ONE

Defendants/Counter-Plaintiffs' Motion to Compel Discovery From Third Party Bank One was referred to the undersigned magistrate judge for hearing and determination. The motion was opposed by non-party J.P. Morgan Chase Bank ("Morgan"), as successor by merger to Bank One. The interested parties appeared, by counsel, for hearing on June 2, 2005. Having reviewed the defendants' motion, together with the response, and having had the benefit of argument, I find that the motion should be granted in part.

Defendants/Counter-Plaintiffs McMahon Helicopter Services, Inc., Longranger II Corporation, Brian McMahon and Linda McMahon ("McMahon") seek an order compelling the production by J.P. Morgan of seven (7) "problem credit reports" prepared by non-attorney employees of Bank One and concerning the status of the bank's loan accounts with McMahon Helicopter Services, Inc. and Longranger II Corporation, as well as the bank's plan of action in managing those accounts.

McMahon maintains that the problem credit reports were responsive to the deposition notice <u>duces</u> <u>tecum</u> dated August 19, 2004 and directed to Nancy Russell. McMahon further maintains that the reports should have been produced in compliance with the Orders of court issued September 4, 2004 and December 29, 2004.  J.P. Morgan submitted a privilege log in connection with the deposition of Nancy Russell.  The initial log did not assert privilege protection for the problem credit reports.  Those documents were discussed, however, during the course of the Russell deposition.  At that time, counsel for Morgan asserted that the documents had not been produced because they were not responsive to McMahon's discovery requests, and because they were subject to attorney/client privilege and attorney work product protection.

On April 4, 2005, Morgan submitted an "updated privilege/redaction log" listing the seven problem credit reports issued between April 30, 2002 and October 31, 2003, as "privileged internal communication(s)."  Morgan has also submitted the seven reports to the court for <u>in</u> <u>camera</u> review.  Having examined the contested problem credit reports, and Morgan's privilege claims, I find that McMahon's Motion to Compel Production should be granted.

The documents at issue are quarterly reports containing business information and strategy.  They are prepared on a standard form for the obvious purpose of providing updated financial analysis to guide the bank in managing its accounts.  The reports were prepared by non-attorney agents of the bank.  With a single exception, which will addressed below, they contain no reference to legal advice or litigation strategy.  Although the reports reflect that they were sent to the bank's legal counsel, the mere inclusion of a

lawyer in the distribution chain of a document will not entitle it to attorney/client privilege or attorney work product protection.

Fed.R.Civ.P. 26(b)(5) requires that claims of attorney/client privilege or trial preparation material protection claims be made "expressly" and "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Morgan did not assert attorney/client privilege or attorney work product protection at all until its "updated privilege/redaction log" of April 4, 2005. Not only were its assertions untimely, they were not in compliance with the standard enunciated in the rule. Despite those shortcomings, I have examined the contested documents for content which might legitimately be recognized as subject to privilege or work product status. I find that the first, two sentence "bullet point" in the "Plan of Specific Future Actions (including target dates)" section of the July 31, 2002 report by Jonathan Gleit constitutes the transmission of legal advice among agents of the bank, and is thus entitled to be withheld as privileged matter.

IT IS THEREFORE ORDERED that Defendants/Counter-Plaintiffs' Motion to Compel Discovery From Third Party Bank One is granted in part. J.P. Morgan Chase, N.A. is ordered to produce to counsel for defendants/counter-plaintiffs the entirety of the problem credit reports dated April 30, 2002, October 31, 2002, January 31, 2003, April 30, 2003, July 31, 2003 and October 31, 2003, all within ten (10) days of the date of this Order.

IT IS FURTHER ORDERED that J.P. Morgan Chase, N.A. produce to counsel for defendants/counter-plaintiffs the July 31, 2002 problem credit report, except for the first two sentences contained in the section designated "Plan of Specific Future Actions (including target dates)" within ten (10) days of the date of this Order.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: June 6, 2005

_____

### CERTIFICATE OF SERVICE

I hereby certify on June 6, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 6, 2005.  **Frederick A. Berg.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217